IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RODNEY RIVERA-RODRÍGUEZ, et al.,

   Plaintiffs,

      v.                              CIVIL NO.: 11-1988 (MEL)

HOSPITAL ESPAÑOL AUXILIO MUTUO, INC., et al.,

   Defendants.

**OPINION AND ORDER**

Pending before the court is a motion to dismiss (D.E. 31) filed by defendant Hospital Español Auxilio Mutuo, Inc. ("defendant"), along with plaintiffs' response in opposition (D.E. 34). Defendant contends that Mirelly Rivera Rodríguez ("the patient"), the hospital patient whose medical treatment underlies the claims in this case,[1] entered into a contract ("the contract") with defendant agreeing, *inter alia*, to a forum selection clause requiring plaintiff to submit all claims relating to defendant's hospital services to the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part ("the forum selection clause"). Because the forum selection clause is valid and enforceable, defendant argues, the instant federal case should be dismissed.

In general, when considering a motion to dismiss under Rule 12(b)(6), a "district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation omitted). In

---

[1] The patient is not a party in this case. See D.E. 1.

their complaint, plaintiffs neither attached nor mentioned the forum selection clause or the contract. Nevertheless, there are exceptions to this limitation. A court may also consider "documents the authenticity of which are not disputed by the parties; … official public records; … documents central to plaintiffs' claim; … [and] documents sufficiently referred to in the complaint." Id. Neither the forum selection clause nor the contract fits within any of these categories. In their opposition, plaintiffs contest the authenticity of the forum selection clause, noting initially that they were not parties to the alleged agreement. Plaintiffs point out that the page containing the forum selection clause does not contain the patient's initials in the relevant section, nor does it contain the patient's signature anywhere on the page. See D.E. 31-1, at 1; 31-2, at 1. Furthermore, plaintiffs argue that the contract is part of the patient's medical record, which they allege in the complaint was "manipulat[ed] and alter[ed]." D.E. 1, ¶ 3.33. The contract is not an official public record. The forum selection clause and the contract are not central to plaintiff's claims, nor are they referred to in the complaint. Because it relies on a document outside the pleadings, not falling within any exception, defendant's motion to dismiss (D.E. 31) is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of December, 2012.

                                                   s/Marcos E. López
                                                   U.S. Magistrate Judge